[No. S017655. May 23, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
CALVIN COLEMAN, JR., Defendant and Appellant.

**COUNSEL**

John McDougall, under appointment by the Supreme Court, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**ARABIAN, J.**—Defendant's counsel has briefed no issues and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].[1]

In *People v. Coleman, supra*, 48 Cal.3d 112, we affirmed the judgment convicting defendant of murder and sentencing him to death. However, we vacated the prison sentences on the remaining counts and remanded for resentencing as to those counts in accordance with our opinion. (*Id.* at pp. 160-166.) Following the remand, defendant was resentenced to a determinate term totalling 25 years, 4 months. As explained below, we have reviewed the record of the resentencing and find no meritorious issues to be briefed or argued.

### BACKGROUND

As the underlying facts are not at issue, the evidence may be briefly summarized. The crimes were committed at the rural home of Patricia Neidig and Jean Prendergast. On the afternoon of May 13, 1980, defendant

---

[1] Counsel's brief was originally filed with the Court of Appeal. Because the appeal is from a resentencing following our decision in *People v. Coleman* (1989) 48 Cal.3d 112 [255 Cal.Rptr. 813, 768 P.2d 32], we ordered the matter transferred to this court for disposition.

stopped at the house and encountered Karen H., who was caring for the two women's dogs while they were away. Defendant assaulted Karen with a knife and shotgun, and robbed, forcibly raped and stabbed her. When the two women returned, he fatally shot Neidig and stabbed Prendergast. He also burglarized the residence.

Defendant was convicted and sentenced to death for the murder of Patricia Neidig under three special circumstances: murder to avoid arrest (Pen. Code, § 190.2, subd. (a)(5));[2] murder in the commission of a robbery (§ 190.2, subd. (a)(17)(i)); and murder in the commission of a burglary (§ 190.2, subd. (a)(17)(vii)).

Defendant was additionally convicted on seven other counts. Two were crimes against Jean Prendergast: assault with intent to commit murder (former § 217; count two) and assault with a deadly weapon and by means likely to produce great bodily injury (§ 245, subd (a); count three). Four counts were for offenses committed against Karen H.: rape by force and threats (former § 261, subds. 2, 3; count four), assault with intent to murder (former § 217; count five), assault with a deadly weapon and by means likely to produce great bodily injury (§ 245, subd. (a); count six), and robbery (§ 211; count seven). Count eight was burglary of the Neidig-Prendergast residence (§ 459).

As to counts two, five, and seven, defendant was found to have used deadly weapons (§ 12022, subd. (b)) and to have inflicted great bodily injury (§ 12022.7); as to count eight (burglary), he was additionally found to have used a shotgun (§§ 12022, subd. (a), 12022.5). In connection with counts three and six, he was found to have inflicted great bodily injury (§ 12022.7), and as to count four he was found to have used a deadly weapon (§ 12022.3).

The trial court stayed sentence on counts three, six and eight and part of the sentence on counts five and seven. The total unstayed prison sentence was 25 years and 4 months.

## DISCUSSION

As noted earlier, in defendant's original appeal we affirmed the judgment of conviction and sentence of death. As to the prison sentences on the remaining counts, however, we found error in five respects. First, the trial court imposed a full consecutive sentence on count two (assault with intent to murder Jean Prendergast) as the principal term under section 1170.1. In

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

addition, on count four (forcible rape of Karen H.) the trial court imposed a separate consecutive sentence, consisting of the full upper term of eight years plus a three-year enhancement for use of a deadly weapon (§ 12022.3) pursuant to section 667.6, subdivision (c), but failed to state its reasons for invoking section 667.6, subdivision (c), contrary to *People* v. *Belmontes* (1983) 34 Cal.3d 335, 347-349 [193 Cal.Rptr. 882, 667 P.2d 686]. (*People* v. *Coleman, supra,* 48 Cal.3d at pp. 161-162.) Section 667.6, subdivision (c) provides that, "In lieu of the term provided in Section 1170.1 a full, separate and consecutive term may be imposed for each violation of" enumerated sex offenses, including forcible rape.

■ At the resentencing, the trial court explicitly stated the reasons it chose to impose a consecutive sentence under section 667.6, subdivision (c). These included the fact that the crimes involved separate acts of violence, separate victims, and separate and independent criminal objectives, all proper sentencing considerations under rule 425, California Rules of Court. Accordingly, the record clearly reflects "recognition on the part of the trial court that it [was] making a separate and additional choice in sentencing under section 667.6, subdivision (c)." (*People* v. *Belmontes, supra,* 34 Cal.3d at p. 348.)

■ We also held the trial court had erred in using the same set of facts to impose upper terms and consecutive sentences. (*People* v. *Coleman, supra,* 48 Cal.3d at p. 163.) At the resentencing, the trial court carefully delineated the aggravating factors underlying its decision to impose upper terms: on count two (assault with intent to murder Jean Prendergast), these included the fact that the victim was particularly vulnerable and that defendant personally used a weapon in the commission of the offense; on count four (forcible rape of Karen H.), the court noted the particular vulnerability of the victim and the fact that defendant was on parole at the time of the offense; on counts five (assault with intent to murder Karen H.) and seven (robbery of Karen H.), the court observed that defendant was armed with a knife and personally inflicted great bodily injury.

In imposing consecutive sentences, the court set forth its reasons which were distinct from the specific aggravating factors on which the court relied in imposing the upper terms on the substantive counts. As noted earlier, these reasons included the fact that the crimes were separate, the victims were different, and the underlying criminal objectives were separate and independent. Thus, the trial court properly avoided the dual use of facts for upper and consecutive terms.

■ We further held that the trial court erred in citing as a factor in aggravation the fact that defendant had served a prior prison term for a

violent felony, while also imposing a three-year enhancement under section 667.5, subdivision (a) based on the same prior prison term. (*People* v. *Coleman, supra,* 48 Cal.3d at pp. 163-164.) In imposing the three-year enhancement at the resentencing, the trial court was careful to avoid reliance on the prior term for any purpose other than noting, as a factor in aggravation, that defendant was on parole at the time of the rape. Thus the trial court properly avoided the dual use of facts prohibited in rule 441(c), California Rules of Court.

We also held the trial court erred in sentencing on count two by adding a three-year enhancement for the infliction of great bodily injury (§ 12022.7), and also citing the same fact as an aggravating factor in imposing the upper term. (*People* v. *Coleman, supra,* 48 Cal.3d at pp. 164-165.) At the resentencing, the trial court made no reference to this factor in imposing the upper term.

Finally, we held the trial court erred in sentencing on count four by adding a three-year enhancement for personal use of a weapon (§ 12022.3) and also citing this fact as an aggravating factor in imposing the upper term. (*People* v. *Coleman, supra,* 48 Cal.3d at p. 165.) At resentencing, the trial court did not rely on defendant's use of a knife in imposing the upper term.

Thus, having independently reviewed the record, we conclude that the resentencing was proper. There are no meritorious issues to be briefed or argued.

Lucas, C. J., Mosk, J., Broussard, J., Panelli, J., Kennard, J., and Baxter, J., concurred.