[No. B061376. Second Dist., Div. Four. Aug. 18, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL LOUIS DAILEY, Defendant and Appellant.

## COUNSEL

B. Kay Shafer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

EPSTEIN, J.—Michael Louis Dailey appeals from the judgment entered following a jury trial in which he was convicted of grand theft of a vehicle (Pen. Code, § 487h, subd. (a)). He was sentenced to the 4-year upper term with 101 days credit for actual custody and 50 days conduct credit, for a total of 151 days precommitment credit. He contends: "The trial court erred when it sentenced appellant."

In relevant part, the record reflects that on October 17, 1990, appellant was arrested in Modesto for a Long Beach vehicle theft and was placed in custody in the Modesto County jail. He was released after three days and was later arrested for the same theft pursuant to a bench warrant on March 27, 1991, in Long Beach, where he remained in custody until he was sentenced on July 5, 1991.

■ Respondent argues that appellant is not entitled to seek credit because he did not spend at least six days in the Modesto facility, and points to administrative problems that would arise if credit denial proceedings had to be conducted for a stay of less than six days. Respondent emphasizes the statutory phrase, "in a facility" (Pen. Code, § 4019, subds. (b), (c)) and contends that it requires that time be served in a single facility. The argument does not stand scrutiny. Besides the rules that "the singular number includes the plural" (Pen. Code, § 7), and that ambiguities in a penal statute be

resolved in favor of defendant (*In re Jackson* (1986) 182 Cal.App.3d 439, 443 [227 Cal.Rptr. 303]), the construction urged by respondent would cut against the evident purpose of the statute: to encourage good behavior by prisoners through a reduction of the period of their incarceration. (See *People* v. *Doganiere* (1978) 86 Cal.App.3d 237, 239 [150 Cal.Rptr. 61].)

The administrative difficulty argument is similar to the contentions advanced and rejected in *In re Jackson, supra,* 182 Cal.App.3d at pages 443-446. In that case, the court held that a prisoner who served time on weekends, rather than in six-day segments, was entitled to conduct credit, despite arguments based on practicality and inconvenience.

We conclude that appellant is entitled to have the three days he spent in the Modesto County jail included in the computation of his custody and conduct credits.

With that time included, his total custody credit is 104 days. The statutory formula to calculate his total credits is: 104 divided by 4 equals 26 times 6 equals 156. (See *People* v. *Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515].)

The judgment is modified to reflect a total of 156 days precommitment credit, and as modified, is affirmed.

Woods (A. M.), P. J., and Taylor, J.,* concurred.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.