[No. B057139. Second Dist., Div. Five. Jan. 28, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
RAUL FABELA et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and IIIA.

## Counsel

Gary M. Bock, Jonathan B. Steiner and Elaine S. Rosen, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Roy C. Preminger, and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

## TURNER, P. J.—

### I. Introduction

Raul Fabela and Teddy Lapina appeal from the judgments entered following a jury trial in which they were convicted of second degree robbery in which Mr. Lapina used a firearm. (Pen. Code, §§ 211, 12022.5, 12022, subd. (a)(1).) Mr. Fabela admitted that he had suffered a prior felony conviction for which he served a separate prison term. (Pen. Code, § 667.5, subd. (b).) Mr. Fabela contends: "The trial court prejudicially erred in failing to instruct the jury sua sponte upon the lesser included offense of petty theft as defined by Penal Code sections 484, 485, 487, and 488."[1] The parties dispute the amount of presentence credits to which Mr. Fabela and Mr. Lapina are

---

[1] We appointed counsel to represent Mr. Lapina on this appeal. After examination of the record, Lapina's counsel filed an "Opening Brief" in which no issues were raised. On June 24,

entitled. In the published portion of this opinion, we conclude that Mr. Fabela has received an excessive amount of presentence credits.

## II. Factual Matters*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## III. Discussion

### A. *Unpublished Issues**

. . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Published Issues*

Prior to sentencing, Mr. Fabela served 223 days in custody. He was given credit for 223 of actual custody plus 112 of conduct credits for total credits of 335 days. In *People* v. *Dailey* (1992) 8 Cal.App.4th 1182, 1184 [11 Cal.Rptr.2d 136], our colleagues in Division Four of this appellate district held that in computing the amount of presentence credits, a particular statutory formula was to be utilized. The *Dailey* court held: "We conclude that appellant is entitled to have the three days he spent in the Modesto County jail included in the computation of his custody and conduct credits. [¶] With that time included, his total custody credits is 104 days. The statutory formula to calculate his total credit is: 104 divided by 4 equals 26 times 6 equals 156. (See *People* v. *Smith* (1989) 211 Cal.App.3d 523, 527 [].)" (*Ibid.*) If the *Dailey* formula is used in the present case, Mr. Fabela's 223 days of actual presentence credits would be divided by 4 and multiplied by 6, for total credits of 330 days—5 days less than the trial court awarded. ▉ Mr. Fabela argues the *Dailey* formula cannot be utilized when the actual number of days is not equally divisible by four.

First, when the number of days is equally divisible by four, as it was in *Dailey*, the formula utilized in that case is correct, intelligent, and useful in

---

1992, we advised Mr. Lapina that he had 30 days within which to personally submit any contentions or issues which he wished us to consider.

On July 22, 1992, Mr. Lapina submitted a letter in response claiming that his motion to dismiss for an untimely arraignment was not granted; no mistrial was declared when it came to light that some jury members had discussed the case among themselves before deliberations commenced; the evidence did not support the finding of a firearm use; and he was entitled to have his sentence reduced by striking the term imposed for the firearm use. There is no merit to any of these claims. We have examined the entire record and are satisfied that Mr. Lapina's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People* v. *Coleman* (1991) 53 Cal.3d 949, 952-954 [281 Cal.Rptr, 146, 809 P.2d 921]; *People* v. *Wende* (1979) 25 Cal.3d 436, 441 [158 Cal.Rptr. 839, 600 P.2d 1071].)

*See footnote, *ante*, page 1661.

quickly and accurately determining the amount of credits. Second, Mr. Fabela is correct that the *Dailey* formula of dividing by four and multiplying by six may not be used when the number of actual days in custody is not equally divisible by four. The method of calculating conduct credits was described by the Court of Appeal in *People* v. *Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515] as follows: "As we recently explained: 'Penal Code section 4019, specifies how prisoners may obtain certain credits. Subdivisions (b) and (c) of that section provide "for each *six-day period* in which a prisoner is confined in or committed to a specified facility" one day shall be deducted from his period of confinement for performing labors, and one day shall be deducted for compliance with the rules and regulations of the facility. Subdivision (f) of that section provides "if all days are earned under this section, a term of six days will be deemed to have been served for every *four days spent in actual custody*." (Italics added.)' [Citation.] [¶] Credits are given in increments of four days. No credit is awarded for anything less. Here defendant was in actual custody 211 days. This is equivalent to fifty-two sets of four days, with three extra. For these 52 sets, defendant is entitled to 104 days of conduct credit—52 for labor and 52 for compliance with rules and regulations. He is entitled to no additional credits for the extra three days. The trial court erred in awarding 105 days of conduct credits. Defendant was only entitled to 104 days. Under the statutory scheme, 'rounding up' is not permitted." Other courts have adopted the *Smith* approach to the calculation of credits. (*People* v. *Jackson* (1992) 7 Cal.App.4th 1367, 1373 [10 Cal.Rptr.2d 5]; *People* v. *Browning* (1991) 233 Cal.App.3d 1410, 1412-1413 [285 Cal.Rptr. 216]; *People* v. *Gutierrez* (1991) 232 Cal.App.3d 1571, 1573 [284 Cal.Rptr. 211]; *People* v. *Goodson* (1990) 226 Cal.App.3d 277, 282 [277 Cal.Rptr. 60]; *People* v. *Bravo* (1990) 219 Cal.App.3d 729, 731-735 [268 Cal.Rptr. 486].)

Applying the *Smith* analysis to the present case, Mr. Fabela was in custody for 55 sets of 4 days. For these 55 sets, Mr. Fabela is entitled to 110 days of conduct credits—55 for labor and 55 for compliance with rules and regulations. He is entitled to no additional conduct credits. The trial court erred in awarding 112 days of conduct credit rather than the 110 that he was entitled to under the *Smith* formulation. Mr. Fabela is entitled only to 223 days of credits for time spent in custody plus 110 days of conduct credits for total credits of 333 days rather than the 335 days he received.

Further, because the 223 days of actual presence time was not equally divisible by 4, the *Dailey* formula is not applicable. The manner in which the *Dailey* formulation is inconsistent with the provisions of law when the actual number of days is not equally divisible by 4 is illustrated by the case of a hypothetical defendant who has served 101 days of actual presentence

confinement. That defendant under *Dailey* would have the 101 days divided by 4 which equals 25 and multiplied by 6 for total credits of 150 days. Under *Smith*, that hypothetical defendant would be awarded 2 sets of 25 days of conduct credits for a total of 50 days. This 50 days would be added to the 101 days of actual credit for a total of 151 days rather than the 150 days the defendant would have reviewed under *Dailey*. Stated differently, under *Dailey*, the defendant received one day less. This was because the defendant did not receive the full award of credits for time actually served; the one day was lost in the division by the number four. Penal Code section 2900.5, subdivision (a) requires a defendant receive credit for "*all* days of custody . . . and including days credited to the period of confinement pursuant to Section 4019 . . . ." (Italics added.) Under *Smith*, a defendant receives credit for all days of actual custody. It bears emphasis, however, when the number of days of actual presentence incarceration is equally divisible by four, the *Dailey* custody computation calculus is an accurate and quick schema for computing credits in accord with the law.

## IV. DISPOSITION

The judgments of conviction and sentences to state prison are affirmed as to each defendant. As to Mr. Lapina, the award of presentence credits is reversed, and the case is remanded to the superior court for redetermination of those credits consistent with the views expressed in this opinion. As to Mr. Fabela, the award of presentence credits is reversed and he is to be given total credits of 333 days which includes 110 days of conduct credits with actual presentence credits of 223 days.

Grignon, J., and Boren, J.,* concurred.

---

*Presiding Justice of the Court of Appeal, Second District, Division Two, sitting under assignment by the Chairperson of the Judicial Council.