[No. B111293. Second Dist., Div. Five. Dec. 1, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN FRANCIS FITZGERALD, Defendant and Appellant.

## COUNSEL

William Flenniken, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Lori M. Gong, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

TURNER, P. J.—Defendant, Kevin Francis Fitzgerald, appeals from a judgment of conviction, after a guilty plea, of forcible anal and genital penetration with a foreign object. (Pen. Code, § 289, subd. (a).)[1] He was sentenced to six years in state prison. We appointed counsel to represent defendant on appeal. Appointed counsel was unable to find any arguable contentions to raise on appeal and filed a brief pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436, 441 [158 Cal.Rptr. 839, 600 P.2d 1071]. However, the Attorney General argues that defendant received an excessive award of presentence conduct credits. After conducting the independent review of the record mandated by *Wende* and finding no arguable contentions that would benefit defendant, we agree with the Attorney General that an excessive award of conduct credits was granted and so modify the judgment.

Defendant was charged with one count of felony false imprisonment (§ 236); one count of anal and genital penetration by means of force or violence (§ 289, subd. (a)); one count of forcible oral copulation (§ 288a, subd. (c)); and three counts of forcible rape. (§ 261, subd. (a)(2).) He eventually pled guilty to a single count of anal and genital penetration by means of force and violence with a foreign object in violation of section 289, subdivision (a). He was sentenced to prison. The trial court awarded defendant a total of 322 days of presentence credit. This consisted of 215 days of credit for time actually spent in custody. Also, the trial court granted defendant 107 days of presentence conduct credits pursuant to section 4019.

The Attorney General argues that defendant could only receive 15 percent of presentence conduct credits as limited by section 2933.1.[2] Defendant was convicted of a violation of section 289, subdivision (a). Section 289,

---

[1] All further statutory references are to the Penal Code.
[2] Section 2933.1 states: "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime

subdivision (a) is an offense enumerated in section 667.5, subdivision (c),[3] which identifies violent felonies. Section 2933.1 limits the amount of pre-sentence conduct credits to 15 percent of the actual time served prior to trial when the offense of which a defendant is convicted is enumerated in section 667.5, as is section 289, subdivision (a). (*People* v. *Sylvester* (1997) 58 Cal.App.4th 1493, 1495-1497 [68 Cal.Rptr.2d 716]; *People* v. *Aguirre* (1997) 56 Cal.App.4th 1135, 1140-1142 [66 Cal.Rptr.2d 77].) Accordingly,

credit, as defined in Section 2933. [¶] (b) The 15 percent limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law. However, nothing in subdivision (a) shall affect the requirement of any statute that the defendant serve a specified period of time prior to minimum parole eligibility, nor shall any offender otherwise statutorily ineligible for credit be eligible for credit pursuant to this section. [¶] (c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a). [¶] (d) This section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative."

[3]Section 667.5, subdivision (c) states: "(c) For the purpose of this section, 'violent felony' shall mean any of the following: [¶] (1) Murder or voluntary manslaughter. [¶] (2) Mayhem. [¶] (3) Rape as defined in paragraph (2) or (6) of subdivision (a) of Section 261 or paragraph (1) or (4) of subdivision (a) of Section 262. [¶] (4) Sodomy by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (5) Oral copulation by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (6) Lewd acts on a child under the age of 14 years as defined in Section 288. [¶] (7) Any felony punishable by death or imprisonment in the state prison for life. [¶] (8) Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 or 12022.9 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5 or 12022.55. [¶] (9) Any robbery perpetrated in an inhabited dwelling house, vessel, as defined in Section 21 of the Harbors and Navigation Code, which is inhabited and designed for habitation, an inhabited floating home as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, an inhabited trailer coach, as defined in the Vehicle Code, or in the inhabited portion of any other building, wherein it is charged and proved that the defendant personally used a deadly or dangerous weapon, as provided in subdivision (b) of Section 12022, in the commission of that robbery. [¶] (10) Arson, in violation of subdivision (a) of Section 451. [¶] (11) The offense defined in subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (12) Attempted murder. [¶] (13) A violation of Section 12308. [¶] (14) Kidnapping, in violation of subdivision (b) of Section 207. [¶] (15) Kidnapping, as punished in subdivision (b) of Section 208. [¶] (16) Continuous sexual abuse of a child, in violation of Section 288.5. [¶] (17) Carjacking, as defined in subdivision (a) of Section 215, if it is charged and proved that the defendant personally used a dangerous or deadly weapon as provided in subdivision (b) of Section 12022 in the commission of the carjacking. [¶] The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for these extraordinary crimes of violence against the person."

a jurisdictional error occurred when defendant received an excessive amount of presentence conduct credits, which may be corrected for the first time on appeal. (*People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *People* v. *Karaman* (1992) 4 Cal.4th 335, 345-346, fn. 11, 349, fn. 15 [14 Cal.Rptr.2d 801, 842 P.2d 100].) Therefore, the amount of presentence conduct credits must be reduced to 32 days.

Defendant argues the information did not apprise him of the possibility he would only receive 15 percent of presentence conduct credits. Hence, he reasons, to deny him the usual presentence good conduct and work credits of two days for every four days actually served (see *People* v. *Heard* (1993) 18 Cal.App.4th 1025, 1028 [22 Cal.Rptr.2d 684]; e.g., *People* v. *Fabela* (1993) 12 Cal.App.4th 1661, 1664 [16 Cal.Rptr.2d 447]) denies him due process of law. We disagree. ■ A charging document, be it an indictment, information, or complaint, in order to fulfill due process requirements must meet the following standards: "[T]he purpose of the charging document is to provide the defendant with notice of the offense charged. (§ 952.) The charges thus must contain in substance a statement that the accused has committed some public offense, and may be phrased in the words of the enactment describing the offense or in any other words sufficient to afford notice to the accused of the offense charged, so that he or she may have a reasonable opportunity to prepare and present a defense." (*People* v. *Bright* (1996) 12 Cal.4th 652, 670 [49 Cal.Rptr.2d 732, 909 P.2d 1354], citing *In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5].) Citing *Sheppard* v. *Rees* (9th Cir. 1989) 909 F.2d 1234, 1236, the California Supreme Court in *People* v. *Gallego* (1990) 52 Cal.3d 115, 189 [276 Cal.Rptr. 679, 802 P.2d 169] noted: "As *Sheppard* observes, 'The Sixth Amendment guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense. [Citations.] "A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense—a right to his day in court—are basic in our system of jurisprudence." ' "

■ In the present case, defendant has received appropriate due process notice that he was subject to the 15 percent limitation on presentence conduct credits. He was charged with violations of sections 289, subdivision (a), 288a, subdivision (c), and three counts of section 261, subdivision (a)(2). The information identified the conduct at issue as well as the specific statutory provisions the prosecution contended were at issue. The preliminary hearing transcript, which provides notice under California law as to the charges (*People* v. *Jones* (1990) 51 Cal.3d 294, 311 [270 Cal.Rptr. 611, 792 P.2d 643]; *People* v. *Thomas* (1987) 43 Cal.3d 818, 828 [239 Cal.Rptr. 307, 740 P.2d 419]), detailed the conduct the prosecution contended constituted the statutory violations. All of the charged sex offenses are violent felonies

listed in section 667.5. Hence, charging defendant with five violent felonies was sufficient to constitutionally inform him of the nature of the charges including the 15 percent limitation on presentence conduct credits.

Defendant argues that he has been denied due process of law based upon the California Supreme Court decision of *People* v. *Hernandez* (1988) 46 Cal.3d 194, 208 [249 Cal.Rptr. 850, 757 P.2d 1013], disapproved on another point in *People* v. *King* (1993) 5 Cal.4th 59, 78, footnote 5 [19 Cal.Rptr.2d 233, 851 P.2d 27]. *Hernandez* does not support defendant's due process contention. In *Hernandez*, the defendant was charged in an information with rape (§ 261, former subd. (2)); kidnapping (§ 207, subd. (a)); corporal injury on a cohabitant (§ 273.5); assault by means of force likely to inflict great bodily injury (§ 245); and willful disobedience of a court order (§ 166, former subd. 4). The defendant was convicted of kidnapping, aggravated assault as a felony, and rape. The information contained no allegation pursuant to section 667.8 to the effect that the kidnapping was accomplished for the purpose of committing one of the sex offenses specified in that enhancement, although a finding pursuant to section 667.8 was an enhancement that would add three years to the defendant's term of imprisonment.[4] The trial court added the three-year enhancement pursuant to section 667.8. The California Supreme Court held that because the information did not allege the enhancement or any offense that required defendant to have the mental state for a violation of section 667.8, viz., a specific intent to commit an enumerated sex offense, he was denied due process. (46 Cal.3d at pp. 208-211.)

Defendant in the present case, while citing *Hernandez*, analogizes the availability of reduced presentence credits pursuant to section 2933.1 to an enhancement pursuant to section 667.8. Putting aside the fact that section 2933.1 is not an enhancement (see *People* v. *Wims* (1995) 10 Cal.4th 293, 304 [41 Cal.Rptr.2d 241, 895 P.2d 77]; *People* v. *Rayford* (1994) 9 Cal.4th 1, 8-9 [36 Cal.Rptr.2d 317, 884 P.2d 1369]) but rather a method for computing presentence credits, *Hernandez* has nothing to do with the present case. As noted previously, the information in the present case adequately advised defendant that he would be subject to the reduced availability of presentence credits as he was charged with five offenses listed in section 667.5, subdivision (c); hence, he was on notice that section 2933.1 might alter the amount of his presentence conduct credits. By contrast, in *Hernandez*,

---

[4]At the time the defendant in *Hernandez* committed his crimes, section 667.8 provided, " 'Any person convicted of a felony violation of Section 261, 264.1, 286, 288, 288a or 289 who, for the purpose of committing such sexual offense, kidnapped the victim in violation of Section 207, shall be punished by an additional term of three years.' (Stats. 1983, ch. 950, § 1, pp. 3418-3419.)" (*People* v. *Hernandez*, *supra*, 46 Cal.3d at p. 200.)

Associate Justice John Arguelles noted that the information failed to allege any offenses which gave notice to that defendant: that the prosecution would seek to have the section 667.8 enhancement imposed; that there was a specific intent requirement; and fair notice to defendant of the opportunity to defend against a section 667.8 enhancement and its requisite mental state. Justice Arguelles wrote: "It is possible that defendant failed to testify or otherwise put on additional evidence as to his degree of intoxication and precise mental state at the time of the crimes because he believed, and rightly so, that voluntary intoxication was not a defense to the charges he faced. He did not know he faced a charge, the section 667.8 enhancement, which required proof of a specific mental state; and from the prosecution's failure to plead section 667.8 he could reasonably assume the prosecution had chosen not to pursue it. [Citation.]" (*People* v. *Hernandez, supra*, 46 Cal.3d at p. 209, fn. omitted.) Nothing of the sort occurred in this case. Defendant was on notice, if convicted of one of the offenses listed in section 667.5, subdivision (c), crimes which appeared on the face of the information, he would be subject to the 15 percent limitation on presentence credits. Unlike the situation in *Hernandez*, the information in this case did not fail to give notice to defendant of a particular mental state the prosecution would have to prove. *Hernandez* does not support defendant's contention that he will have been denied due process of law if he is subject to the plain language of section 2933.1. (Accord, *People* v. *Hennessey* (1995) 37 Cal.App.4th 1830, 1834-1837 [44 Cal.Rptr.2d 792] [*Hernandez* does not require pleading mandatory consecutive sentencing requirement imposed by section 1170.15].)

The judgment is modified to reduce the amount of presentence conduct credits to 32 days. In all other respects the judgment is affirmed. The superior court clerk is to prepare an amended abstract of judgment and forward it to the Department of Corrections.

Grignon, J., and Jackson, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied March 18, 1998.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.