[No. F038699. Fifth Dist. Aug. 7, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM WAYNE CULP, Defendant and Appellant.

## COUNSEL

Shama Mesiwala, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Patrick J. Whalen and Daniel Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WISEMAN, J.**—This appeal presents the sole issue of whether the trial court erred in refusing to aggregate noncontinuous periods that defendant spent in presentence custody when calculating good behavior and work performance credits (good/work credits) pursuant to Penal Code[1] section 4019. We conclude this was error and direct the court to amend the abstract of judgment to reflect an award of two additional days of credit.

### PROCEDURAL HISTORY

By information, William Wayne Culp (defendant) was charged with six felonies: (1) possessing methamphetamine for sale (count 1; Health & Saf. Code, § 11378) while armed (§ 12022, subd. (c)); (2) maintaining a place for selling, giving away, or using a controlled substance (count 2; Health & Saf. Code, § 11366); (3) possessing methamphetamine while armed (count 3; Health & Saf. Code, § 11370.1, subd. (a)); (4) being a felon in possession of a firearm (count 4; § 12021, subd. (c)(1)); (5) receiving a stolen vehicle (count 5; § 496d, subd. (a)); and (6) receiving stolen property (count 6; § 496, subd. (a)). Count 4 was subsequently dismissed on the district attorney's motion. A jury found defendant guilty on all remaining charges.

Defendant was sentenced to eight years in prison and awarded 160 days of credit for time already served. The 160-day presentence credit awarded to defendant comprised 108 days of actual time served in the Kern County jail, 26 days for good behavior, and 26 days for good/work credits. The 108 days of actual time served were noncontinuous, spanning two time periods: from March 26, 2001, to March 27, 2001 (two days); and from April 18, 2001, to August 1, 2001 (106 days).

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

Rather than aggregate the two noncontinuous periods of incarceration prior to calculation, the court individually calculated the good/work credits for each separate period of incarceration and subsequently combined them. In doing so, the court did not award defendant good/work credits for his initial period of incarceration because it consisted of only two days. It did so because the two time periods lacked continuity and the initial period comprised fewer than four days.

Pursuant to section 1237.1 and *People v. Fares* (1993) 16 Cal.App.4th 954 [20 Cal.Rptr.2d 314], defense counsel requested the court to increase defendant's good/work credits from 52 to 54, a figure obtained by aggregating defendant's two periods of incarceration, thereby increasing his total custody credits from 160 days to 162 days. Defendant's request was declined by the court as follows: "I asked the Kern County Probation Department to review your request for correction of presentence credits and I am enclosing a copy of their correspondence of November 1, 2001, together with attachments. After my review of the above, it is still my opinion that we correctly awarded defendant 108 days actual and 52 good/work time, for a total of 160 days presentence credits."

The attached correspondence from the probation department states, "[T]he period of incarceration from March 26, 2001 to March 27, 2001 does not total four days so the defendant was not entitled to any conduct credit for this period of incarceration." Also attached was a probation department inter-office memorandum promulgating the " 'correct' " method for calculating presentence custody credits. According to that document, the department had at one time calculated custody credits based on the total number of days spent in custody, irrespective of whether the time was continuous. However, because the superior court believed this method to be "incorrect," the probation department began calculating credits under the following rules:

"1. No 'good time' or 'work time' is allowed unless a defendant has been in continuous custody for at least four (4) days.

"2. Time is not cumulative, but must be calculated individually for each 'continuous' period of custody.

"The calculation is to divide the number of days served in continuous custody by 4. The answer, (disregarding fractions) is then multiplied by 2. This process must be repeated for each subsequent arrest and incarceration."

In support of this new credit calculation policy, the probation department interoffice memorandum cites two cases: *People v. Bravo* (1990) 219

Cal.App.3d 729 [268 Cal.Rptr. 486] and *People v. Fabela* (1993) 12 Cal.App.4th 1661 [16 Cal.Rptr.2d 447].

DISCUSSION

■ Defendant contends, and the Attorney General agrees, that he did not receive all of the presentence custody credits to which he is entitled pursuant to section 4019. Defendant argues (a) the court erred in refusing to aggregate the noncontinuous periods he spent in presentence custody for the purpose of calculating good/work credits pursuant to section 4019, and (b) the good/work credit computation policy of the Kern County Probation Department and Superior Court is contrary to precedent. The record supports defendant's position.

■ Since the facts regarding defendant's actual time in custody are undisputed, his claim presents solely a question of law. Accordingly, we apply the de novo standard of review and give no deference to the trial court's ruling. (See *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960]; *People v. Bravo, supra,* 219 Cal.App.3d at p. 732.)

I. *Proper method of presentence custody credit calculation*

■ Section 4019 governs the calculation of presentence custody credits.[2] A convicted felon is eligible for a one-day credit for performing work and another one-day credit for complying with regulations for every six-day period during which he or she is confined in or committed to a county jail prior to sentencing. A minimum commitment of six days is required to earn good/work credits.[3] If the six-day commitment minimum is met, for every

---

[2]Penal Code section 4019, subdivision (a)(4), states: "The provisions of this section shall apply . . . [¶] . . . [¶] [w]hen a prisoner is confined in a county jail . . . following arrest and prior to the imposition of sentence for a felony conviction."

Subdivision (b) provides that "for each six-day period in which a prisoner is confined in or committed to a [county jail], one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned . . . ."

Subdivision (c) provides that "[f]or each six-day period in which a prisoner is confined in or committed to a [county jail], one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established . . . ."

[3]Penal Code section 4019, subdivision (e), provides: "No deduction may be made under this section unless the person is committed for a period of six days or longer."

four days spent in actual custody, a term of six days is deemed served.[4] (*People v. Bobb* (1989) 207 Cal.App.3d 88, 97 [254 Cal.Rptr. 707], disapproved on other grounds in *People v. Barton* (1995) 12 Cal.4th 186, 198-199, fn. 7 [47 Cal.Rptr.2d 569, 906 P.2d 531].)

The proper method of calculating presentence custody credits is to divide by four the number of actual presentence days in custody, discounting any remainder. That whole-number quotient is then multiplied by two to arrive at the number of good/work credits. Those credits are then added to the number of actual presentence days spent in custody, to arrive at the total number of presentence custody credits. (*People v. Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515]; *People v. Bravo, supra,* 219 Cal.App.3d at p. 731.)

If the number of actual days in presentence custody is equally divisible by four, then the shortcut calculation introduced in *People v. Dailey* (1992) 8 Cal.App.4th 1182, 1184 [11 Cal.Rptr.2d 136] may be used. Under these circumstances, the number of actual days in presentence custody is divided by four and then multiplied by six to arrive at the total number of presentence custody credits. (*People v. Fabela, supra,* 12 Cal.App.4th at p. 1665.)

## II. *Aggregation of noncontinuous days*

■ Section 4019 is silent on the question before this court—whether noncontinuous periods of presentence custody must be aggregated for the purpose of calculating good/work credits. California case law, however, is not.

More than 15 years ago, we held that a defendant is entitled to have time spent in noncontinuous custody aggregated for the purpose of calculating good/work credits pursuant to section 4019. (*In re Jackson* (1986) 182 Cal.App.3d 439, 443 [227 Cal.Rptr. 303].) In *Jackson,* the Kern County Superior Court initially refused to award good/work credits to a prisoner serving a 10-day county jail sentence on weekends because he was not incarcerated for six continuous days. (*Id.* at p. 441.) We reversed, awarding good/work credits despite arguments based on practicality and inconvenience. (*Id.* at p. 443.) Although *Jackson* did not address *presentence* custody credits (since it involved a prisoner serving a sentence for contempt of court), its rationale extends to presentence inmates as well.

The Second District Court of Appeal reached the same conclusion in a case involving facts similar to those here. The court held that an inmate who

---

[4]Section 4019, subdivision (f), provides: "It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody."

spent three days in a Modesto county jail and more than three months in a Long Beach jail on the same charge was entitled to have the initial three-day period included in the computation of his good/work credits. (*People v. Dailey, supra,* 8 Cal.App.4th at pp. 1183-1184.) The court reasoned that exclusion of the three-day period would "cut against the evident purpose of the statute: to encourage good behavior by prisoners through a reduction of the period of their incarceration." (*Id.* at p. 1184.)

The holdings of *Jackson* and *Dailey* have not been altered by subsequent opinions, including those cited by the Kern County Probation Department in support of its policy: *People v. Bravo, supra,* 219 Cal.App.3d 729, and *People v. Fabela, supra,* 12 Cal.App.4th 1661. Neither *Bravo* nor *Fabela* suggests that credits should not be aggregated when presentence custody is noncontinuous or when one of multiple custody periods is less than four days. Instead, they merely reaffirm the well-established *Smith* formula—that good/work credits are determined by dividing the number of actual days in presentence custody by four, discounting any remainder, and multiplying by two. (*People v. Bravo, supra,* 219 Cal.App.3d at p. 735; *People v. Fabela, supra,* 12 Cal.App.4th at p. 1664.)

Thus, in light of *Jackson* and *Dailey,* the fact that defendant's presentence custody in the Kern County jail was noncontinuous, and that his initial period of incarceration lasted only two days, does not preclude him from receiving good/work credits based on the entire 108-day period of his incarceration. In short, when it comes to calculating good/work credits pursuant to section 4019, time *is* cumulative.

III. *Application of proper formula to present case*

We find the court erred in refusing to aggregate the noncontinuous periods that defendant spent in presentence custody for the purpose of calculating good/work credits pursuant to section 4019. Defendant is entitled to have his good/work credits calculated based upon the total number of days he spent in the Kern County jail. As a result, these credits should have been calculated by dividing 108 by four, which is exactly 27, and then multiplying that quotient by two, to arrive at 54 days. These 54 days are then added to the 108 days appellant actually served, bringing the total presentence custody credits to 162 days.

Alternatively, since the number of days appellant spent in actual custody is equally divisible by four, the *Dailey* formula (divide by four, then multiply by six) could also be employed because it leads to the same result—162 days. (*People v. Fabela, supra,* 12 Cal.App.4th at p. 1665.)

## DISPOSITION

The judgment is modified to reflect a total of 162 days of presentence credit. In all other respects, the judgment is affirmed. The court shall amend the abstract of judgment and forward copies to the Department of Corrections.

Dibiaso, Acting P. J., and Cornell, J., concurred.