Filed 12/8/25  P. v. Aguilar CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C102855 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 24CF00166, 24CF04433) |
| v. | |
| MATTHEW RAY AGUILAR, | |
| Defendant and Appellant. | |

Defendant Matthew Ray Aguilar appeals from the judgment in two cases, contending that he is entitled to two additional days of conduct credit under Penal Code[1] section 4019.  We affirm.

## I.  BACKGROUND

On February 21, 2024, in case No. 24CF00166, defendant pled no contest to driving with 0.08 percent blood-alcohol content within 10 years of three other driving under the influence offenses (Veh. Code, § 23152, subd. (b)) and driving when his privilege was revoked due to a driving under the influence conviction (*id*., § 14601.2,

---

[1] Undesignated statutory references are to the Penal Code.

1

subd. (a)).  Defendant waived his right to a jury trial on aggravating circumstances.  The trial court placed defendant on probation.

In case No. 24CF04433, the People alleged that defendant committed the offenses of inflicting corporal injury on a domestic partner (§ 273.5, subd. (a)) and cruelty to a child by endangering health (§ 273a, subd. (b)).  Defendant was arrested on October 24, 2024.

On November 6, 2024, defendant pled guilty to the domestic violence charge in case No. 24CF04433 and admitted he violated probation in case No. 24CF00166 by committing the domestic violence offense.  Defendant waived his right to a jury trial on aggravating circumstances.

On December 11, 2024, the trial court sentenced defendant to:  (1) the upper term of four years for the domestic violence conviction; (2) eight months (one-third the middle term) for the Vehicle Code section 23152, subdivision (b) conviction; and (3) six months to run concurrently for the Vehicle Code section 14601.2, subdivision (a) conviction.

In case No. 24CF00166, the trial court granted defendant credit for 171 actual days of presentence custody and 170 days of conduct credit under section 4019.  This credit was based on four distinct periods of confinement in case No. 24CF00166 that predate the filing of case No. 24CF04433.  In case No. 24CF04433, the trial court granted defendant credit for 49 actual days of presentence custody based on defendant's confinement from October 24, 2024, to December 11, 2024, and 48 days of conduct credit under section 4019.

Defendant timely appealed.  Defendant filed a request in the trial court seeking correction of his custody credits.  Defendant submits, and the People do not dispute, that the trial court denied this request.

## II.  DISCUSSION

In his opening brief, defendant argues the trial court should have aggregated his days of presentence custody in case No. 24CF00166 and case No. 24CF04433 before

calculating conduct credits under section 4019. Had the trial court done so, defendant submits he would have received two additional days of conduct credit. In response, the People initially contended that defendant's argument is moot because defendant is actually entitled to dual credits under section 2900.5, subdivision (b) for the period of confinement from October 24, 2024, to December 11, 2024. Defendant did not file a reply brief.

We requested supplemental briefing on the issue raised by the People. In response to the questions posed by this court, the People retracted their position that defendant was entitled to dual credits. In his supplemental brief, defendant agreed with the People's revised position, stating that his "credits were awarded properly and no change is needed." This statement arguably indicates defendant is abandoning his original claim that he is entitled to two additional days of conduct credit. But, viewing his supplemental brief in the light most favorable to defendant, we will construe this statement as only conceding that he is not entitled to dual credits under the theory posited by the People.

On the merits, we reject defendant's assertion that all nonconsecutive periods of presentence confinement in case No. 24CF00166 and case No. 24CF04433 should have been combined prior to calculating conduct credit under section 4019. Defendant premises his claim on *People v. Culp* (2002) 100 Cal.App.4th 1278. There, the trial court had calculated the defendant's conduct credits separately for each individual period of presentence incarceration. (*Id*. at p. 1281.) The appellate court held this was error because a defendant is entitled to have time spent in noncontinuous custody aggregated for the purpose of calculating conduct credits pursuant to section 4019. (*Culp*, at p. 1284.) But *Culp* is inapposite, as it requires the aggregation of noncontinuous periods of custody *in the same case*, whereas here defendant is requesting that his days of confinement in two separate cases should be aggregated and conduct credits calculated based on that total. Defendant raises no other argument as to why he is entitled to two additional days of custody credit and we, accordingly, reject his claim.

3

## III.  DISPOSITION

The judgment is affirmed.

 

/s/_____
WISEMAN, J.*

We concur:

/s/_____
ROBIE, Acting P. J.

/s/_____
RENNER, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.