Filed 5/24/13  P. v. Riggins CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F064143 |
| v. | (Super. Ct. Nos. PCF183573C, PCF180529, VCF160024, VCF179686, VCF207817, VCF212599A, VCF213038B, VCF217989) |
| RONALD DAVID RIGGINS, | |
| Defendant and Appellant. | **O P I N I O N** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.   Gary L. Paden, Judge.

Mark J. Shusted, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P.J., Franson, J., and Peña, J.

Appellant, Ronald David Riggins, was convicted by plea of numerous charges in eight Tulare County Superior Court cases (cases A through H).

On August 7, 2009, the court sentenced Riggins in the eight cases to an aggregate term of nine years eight months.

On November 10, 2011, the court denied Riggins's request for a modification of sentence/abstract of judgment.

On appeal Riggins contends: 1) he is entitled to two additional days of presentence conduct credit in four cases because the court committed a mathematical error; 2) he is entitled to four additional days of presentence custody credit in case No. PCF183573C (case A); and 3) the court erred by its failure to award presentence conduct credit pursuant to the more generous provisions of amended versions of Penal Code sections 4019[1] and 2933.  We will find that the court erred in its award of presentence custody credit, albeit not for the reasons advanced by Riggins, and modify the judgment accordingly.  In all other respects, we affirm.

## FACTS[2]

In case A, Riggins pled no contest to sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and admitted two on-bail enhancements (§ 12022.1) (case A).

In case No. PCF180529, (case B), Riggins pled no contest to receiving stolen property (§ 496, subd. (a)).

In case No. VCF179686, (case C), Riggins pled no contest to second degree burglary (§§ 459/460, subd. (b)).

In case No. VCF160024, (case D), Riggins pled no contest to possession of methamphetamine, receiving stolen property, being under the influence of

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The underlying facts of Riggins's offenses are omitted because they are not germane to the issues he raises.

2

methamphetamine (Health & Saf. Code, § 11550, subd. (a)), a misdemeanor, driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)), a misdemeanor, and driving on a suspended license (Veh. Code, § 14601.1, subd. (a)),[3] a misdemeanor.

In case No. VCF217989, (case E), Riggins pled no contest to one count each of possession of forged items (§ 475, subd. (c)), forgery (§ 470, subd. (a)), and multiple identifying information theft (§ 530.5, subd. (c)(3)), and five counts of identity theft (§ 530.5, subd. (a)), and he admitted three separate on-bail enhancements in each count, except count 11[4] (§ 12022.1).

In case No. VCF213038B, (case F), Riggins pled no contest to receiving stolen property and admitted an on-bail enhancement.

In case No. VCF212599A, (case G), Riggins pled no contest to five counts of being a felon in possession of a firearm (§ 12021, subd. (a)(1)), and admitted five on-bail enhancements.

In case No. VCF207817, (case H), Riggins pled no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).

On August 7, 2009, the court sentenced Riggins in all eight cases to an aggregate term of nine years eight months as follows: the middle term of three years on his sale of a controlled substance conviction in case A, a consecutive eight-month term on his conviction for receiving stolen property in case B, a consecutive eight-month term on his conviction for second degree burglary in case C, a consecutive eight-month term on Riggins's conviction for possession of a controlled substance in case D, a consecutive eight-month term for Riggins's conviction for receiving stolen property in case D, and

---

[3] On October 13, 2006, the court reduced this last charge to driving without a valid license (Veh. Code, § 12500.)

[4] The three on-bail enhancements in each count were based on Riggins's commission of the offense underlying the count while released on bail or on his own recognizance in three cases, F, G, and H.

two 2-year on-bail enhancements.  The court imposed concurrent two-year terms on each of Riggins's remaining felony convictions, struck the remaining on-bail enhancements, and sentenced him to time served on his misdemeanor convictions.

## DISCUSSION

### *The Alleged Mathematical Error in Calculating*
### *Riggins's Presentence Custody Credit in Case A*

On August 7, 2009, when the court sentenced Riggins, section 4019 provided that a defendant was entitled to two days of presentence conduct credit for every four days he spent in presentence actual custody.[5]  (Stats. 1976, ch. 286, § 4, p. 595.  Amended by Stats. 1978, ch. 1218, § 1, p. 3941; Stats. 1982, ch. 1234, § 7, p. 4553.)  Based on this version of section 4019, the court awarded Riggins presentence custody credit in cases A through H in the following amounts: 1) in case A, 442 days of presentence custody credit consisting of 296 days of presentence actual custody credit and 146 days of presentence conduct credit; 2) in case B, a day of presentence custody credit; 3) no presentence custody credit in case C; 4) in case D, one day of presentence custody credit which it credited against one of the eight-month terms it imposed in that case; 5) in cases E, F, and G, 239 days of presentence custody credit consisting of 161 days of presentence actual custody credit and 78 days of presentence conduct credit which it awarded against each of the two-year concurrent terms it imposed in those cases; and 6) in case H, 242 days of presentence custody credit consisting of 162 days of presentence actual custody credit and 80 days of presentence conduct credit, which it awarded against the two-year concurrent term it imposed in that case.

Riggins contends that the trial court committed a mathematical error in calculating his presentence custody credit in case A and that he is entitled to an additional two days

---

[5]     Section 4019 has since been amended several times and currently provides that eligible defendants can receive two days of conduct credit for every two days spent in presentence custody.  (§ 4019, subd. (f).)

4

of presentence conduct credit in that case.[6]  We will find that the court erred in calculating Riggins's presentence custody credit in cases A, E, F, G and H, as discussed below.

In *People v. Smith* (1989) 211 Cal.App.3d 523 the court explained how presentence conduct credit should be calculated pursuant to the version of 4019 in effect when Riggins was sentenced:

> "'… 4019, specifies how prisoners may obtain certain credits. Subdivisions (b) and (c) of that section provide:  "for each *six-day period* in which a prisoner is confined in or committed to a specified facility" one day shall be deducted from his period of confinement for performing labors, and one day shall be deducted for compliance with the rules and regulations of the facility.  Subdivision (f) of that section provides "if all days are earned under this section, a term of six days will be deemed to have been served for every *four days spent in actual custody*."  (Italics added.)'  [Citation.]"  (*People v. Smith*, *supra*, 211 Cal.App.3d at p. 527.)

Using this formula, the actual days of presentence custody are divided by four, the quotient is rounded down to the nearest whole number, and then it is multiplied by two.

Riggins contends that based on the 296 days of presentence actual custody credit the court awarded him in case A, it should have awarded him two additional days of presentence conduct credit in that case, i.e., 148 days instead of 146.  However, the record indicates that Riggins was in presentence custody only 295 days in case A.[7]  Further, based on these 295 days Riggins was entitled to only 146 days of presentence

---

**6**    Riggins also contends he is entitled to an additional two days of presentence conduct credit in cases B through D.  We summarily reject this contention because Riggins has not advanced any argument or authority in support of his claim for additional conduct credit in those cases.  (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2.)

**7**    Riggins was in custody in case A 133 days from May 10, 2007, through September 19, 2007, 2 days from February 19, 2009, through February 20, 2009, and 160 days from March 1, 2009 through August 7, 2009.  Thus, in case A he was in presentence actual custody a total of only 295 days (133 days + 2 days + 160 days = 295 days).

5

conduct credit (295 days ÷ 4 = 73.75 days; 73 days x 2 = 146 days) and a total of only 441 days of presentence custody credit (295 days + 146 days = 441 days).

Moreover, our review of the record disclosed that the court erred in its award of presentence custody credit in cases E through H. In case E, Riggins was in custody 160 days from March 1, 2009, through August 7, 2009. Therefore, in case E he was entitled to 80 days of presentence conduct credit for a total of 240 days of presentence custody credit (160 days ÷ 4 = 40 days; 40 days x 2 = 80 days; 160 days + 80 days = 240 days).

In cases F and G, Riggins served the same days in presentence custody as in case E and two additional days from February 19, 2009, to February 20, 2009. Therefore in each of those cases he was entitled to 242 days of presentence custody credit (160 days + 2 days = 162 days; 162 days ÷ 4 = 40.5; 2 x 40 days = 80 days; 162 days + 80 days = 242 days).

In case H, Riggins served the same days in custody as in cases F and G and an additional day on August 11, 2008. Therefore in case H he is entitled to 243 days of presentence custody credit (162 days + 1 day = 163 days; 163 days ÷ 4 = 40.75 days; 2 x 40 days = 80 days; 163 days + 80 days = 243 days).

### *Riggins is not Entitled to Presentence Custody Credit in Case A*
### *For Days in Custody that are not Attributable to that Case*

In case D the court awarded Riggins one day of presentence custody credit for the day he was in custody on February 13, 2006. In case B the court awarded Riggins one day of presentence custody credit for the day he was in custody on February 16, 2007. Riggins committed the offenses underlying case A on May 9, 2007. Nevertheless, Riggins cites *People v. Culp* (2002) 100 Cal.App.4th 1278 (*Culp*) to contend that he is entitled to credit for the above two days in case A even though his custody on those two days is not attributable to his commission of the offenses underlying case A. He further contends that with the addition of these two days to case A, he is entitled to two

6

additional days of presentence conduct credit in that case.[8]  We will reject these contentions.

Section 2900.5, subdivision (b) provides in full:  "For the purposes of this section, credit shall be given *only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted.*  Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."  (*Ibid*., italics added.)  In *In re Marquez* (2003) 30 Cal.4th 14, 21 (*Marquez*), the Supreme Court noted:  "… although section 2900.5 does not expressly limit credit to situations where the custody is 'exclusively' attributable to a charge of which a defendant is later convicted, '*it is clearly provided that credit is to be given "only where" custody is related to the "same conduct for which the defendant has been convicted."*…'  [Citation.]"  (*Id*. at p. 21.)

Here, the two days of presentence actual custody Riggins seeks credit for in case A are not attributable to the same conduct for which he was convicted of in case A. Therefore, it is clear from the plain meaning of the statute and the Supreme Court's *Marquez* decision that Riggins is not entitled to credit in case A for the two days he served in presentence custody in cases B and D or to two additional days of corresponding conduct credit.

Further, even if we were not bound by the decisions of the Supreme Court (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455) or the plain language of the statute, *Culp, supra,* 100 Cal.App.4th 1278 would not compel a different conclusion.

---

[8]      According to Riggins, with these two additional days he is entitled in case A to 298 days of presentence actual custody credit (296 days + 2 days = 298 days) which would result in Riggins being entitled to 148 days of presentence custody credit (298 days ÷ 4 = 74.5 days; 74 days x 2 = 148 days).  This would also result in Riggins being entitled to a total of 446 days of presentence custody credit rather than the 442 days of such credit the court awarded him.

In *Culp* this court held that the trial court erred by its failure to aggregate two noncontinuous periods that the defendant spent in presentence custody when calculating his presentence custody credit. (*Id*. at p. 1284.) However, *Culp* is easily distinguishable because it involved only one case and the two periods of custody that were aggregated in *Culp* were attributable to the same criminal conduct that the defendant was convicted of in that case. (*Id*. at pp. 1280, 1284.)

### *Riggins is not Entitled to a Recalculation of his Presentence Custody Credit Pursuant to Amendments to Sections 4019 and 2933 that Were made to these Sections Since he was Sentenced in 2009*

As noted earlier, in 2009 when Riggins was sentenced, section 4019 provided that defendants in presentence custody could earn two days of conduct credit for every four days they were in custody. For eight months beginning on January 25, 2010, a now superseded version of section 4019 provided that eligible prisoners could earn two days of conduct credit for every two days in custody. (Stats. 2009-2010, 3d. Ex. Sess., ch. 28, § 50, p. 4428). Section 4019 was subsequently amended effective September 28, 2010, to again provide that an inmate would earn two days of conduct credit for every four days in custody. (Stats. 2010, ch. 426, § 2, p. 2088.) Effective October 1, 2011, the statute again provided eligible presentence prisoners with two days of conduct credit for every two days in custody. (Stats. 2011-2012, 1st Ex. Sess. 2011, ch. 12, § 35, p. 5976.)

Effective September 28, 2010, section 2933 was amended to include a subdivision (e) which provided that an eligible defendant sentenced to prison could receive one day of conduct credit for every day he was in presentence custody. (Stats. 2010, ch. 426, § 1, p. 2087.)[9]

---

[9] Section 2933 has since been amended to delete subdivision (e). (Stats. 2011-2012, 1st Ex. Sess. 2011, ch. 12, § 16, p. 5963.)

Riggins contends that equal protection requires that he receive enhanced presentence conduct credit pursuant to the above noted amendments to sections 4019 and 2933 for all of his offenses. Riggins is wrong.

In *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*) the Supreme Court held that prisoners who served time before and after the January 25, 2010, amendment to former section 4019 took effect are not similarly situated because "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response." (*Brown*, *supra*, at pp. 328-329.) Thus, the court rejected the defendant's claim that denying the enhanced conduct credit provided by this amendment to prisoners who served their time before its effective date violated equal protection principles. (*Id*. at p. 330.) In accord with *Brown* and its reasoning, we reject Riggins's equal protection claim.

### Riggins's Abstract of Judgment

The court imposed two on-bail enhancements in case A and struck 26 on-bail enhancements in cases E and G. Riggins's abstract of judgment lists the stricken enhancements in section 2. This was error because section 2 states that stricken enhancements should not be listed in that section and we will direct the trial court to issue a corrected abstract of judgment.

## DISPOSITION

Riggins's award of presentence custody credit in each of the following cases is modified as noted:  in case A, Riggins's presentence custody credit is reduced from 442 days to 441 days as calculated above; in case E, Riggins's award of presentence custody credit is increased from 239 days to 240 days; in cases F and G, Riggins's award of presentence custody credit is increased from 239 days to 242 days as calculated above; and in case H, Riggins's award of presentence custody credit is increased from 242 days to 243 days as calculated above.  The trial court is directed to file an amended abstract of judgment that does not list the stricken on-bail enhancements and is otherwise consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.