Filed 7/3/13  P. v. Harlan CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CAROL WAYNE HARLAN,<br><br>  Defendant and Appellant. | F064877<br><br>(Super. Ct. Nos. 1414349, 1231025, 1246735 & 1425708)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

Mark J. Shusted, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

[*]    Before Levy, Acting P.J., Kane, J. and Poochigian, J.

Defendant challenges the total amount of conduct credits he was awarded for time spent in county jail prior to commencement of his prison sentence. We find no error and affirm the trial court's judgment.

## *FACTUAL AND PROCEDURAL BACKGROUND*

On January 17, 2008, defendant pled guilty in case No. 1231025 to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and admitted three prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).[1] On July 1, 2008, defendant pled guilty in case No. 1246735 to possession of a dangerous weapon (§ 12020, subd. (a)(1)) and possession of a controlled substance.[2] Defendant also admitted a prison term enhancement.

On July 1, 2008, defendant was sentenced to a term of two years in case No. 1246735 for possession of a dangerous weapon. In case Nos. 1246735 and 1231025, defendant was sentenced to two concurrent terms of two years on the remaining drug counts. The court imposed a term of one year for a prior prison term enhancement. In case No. 1246735, defendant was awarded 9 days of actual custody credits and 4 days of conduct credits. In case No. 1231025, defendant was awarded 159 days of actual custody credits and 78 days of conduct credits.

On March 4, 2010, defendant pled no contest in case No. 1414349 to possession of a controlled substance and admitted multiple prior prison term enhancements. On December 3, 2010, defendant pled no contest in case No. 1425708 to possession of a controlled substance and admitted multiple prior prison term enhancements. Defendant

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    In this case, all of defendant's convictions for possession of a controlled substance were for violations of Health and Safety Code section 11377, subdivision (a). In some actions, defendant also admitted misdemeanor allegations that are not relevant to the issue raised in this appeal.

was sentenced on September 2, 2011, to prison for two years for one narcotics offense and to a consecutive term of one year for a prior prison term enhancement. Defendant was sentenced to a concurrent sentence of two years for the second narcotics offense. In case No. 1414349, the court awarded actual custody credits of 73 days and conduct credits of 72 days. In case No. 1425708, the court awarded 75 days of actual custody credits and 75 days of conduct credits.[3]

Pursuant to amendments to section 4019, defendant filed a motion on January 18, 2012, to correct the abstract of judgment with regard to the credits awarded in case Nos. 1231025 and 1246735.[4] On March 9, 2012, the trial court denied defendant's motion without prejudice pending the California Supreme Court's decision in *People v. Brown* (2012) 54 Cal.4th 314, 319-330 (*Brown*).

On appeal, defendant contends the current version of section 4019, properly interpreted, entitles him to two days of presentence conduct credits for every two-day period of confinement and to interpret it otherwise violates equal protection.

### *DISCUSSION*

Defendant acknowledges in his opening brief that *Brown* had just been decided prior to the filing of his brief and the decision is adverse to his contention. Defendant notes that *Brown* was not yet final when he filed his brief.

Defendant's claim that he is entitled to additional custody credits pursuant to legislative amendments to section 4019 in January 2010 was rejected on both statutory construction and equal protection grounds by the California Supreme Court in *Brown*,

---

**3** Defendant does not challenge the trial court's award of custody credits in case Nos. 1414349 and 1425708.

**4** Under the formula applied to defendant in case Nos. 1231025 and 1246735, the actual number of custody days are divided by four, the remainder if any is dropped, and the resulting whole number quotient is multiplied by two to obtain the number of conduct credits. (*People v. Culp* (2002) 100 Cal.App.4th 1278, 1283.)

3

*supra*, 54 Cal.4th at pages 319-330.  The *Brown* decision is dispositive of defendant's contentions and we are bound by our high court's opinion.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

### ***DISPOSITION***

The judgment is affirmed.