Filed 12/4/13  P. v. Stiles CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DARREN KEITH STILES,<br><br>Defendant and Appellant. | C072976<br><br>(Super. Ct. No. 11F3774) |

Defendant Darren Keith Stiles pleaded guilty to unlawful possession of a firearm and admitted allegations that he had a prior strike conviction and served a prior prison term.  The trial court sentenced defendant to five years in prison (the middle term of two years, doubled for the prior strike, plus one year for the prior prison term), and awarded presentence credit as follows:  513 days of actual credit and 256 days of conduct credit, calculated at the rate in existence when defendant committed the offense.  The rate for calculating conduct credit in existence on July 5, 2011, was to divide the number of days

1

actually served by four, truncate any remainder, and then multiply the quotient by two. (*People v. Culp* (2002) 100 Cal.App.4th 1278, 1283.)

Defendant now contends equal protection principles entitle him to presentence conduct credit calculated at the enhanced rate provided by the Criminal Justice Realignment Act of 2011 (the Realignment Act) for his days in custody from October 1, 2011, to January 10, 2013, the date of sentencing.

For the reasons set forth in *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*) (review den. Feb. 13, 2013), the contention lacks merit.

We will affirm the judgment.

DISCUSSION

Defendant contends equal protection principles entitle him to presentence conduct credit calculated at the enhanced rate provided by the Realignment Act. Operative October 1, 2011, the Realignment Act amended Penal Code section 4019 to increase the rate at which prisoners could earn conduct credits to two days for every two days actually served (amended Pen. Code, § 4019, subd. (f)). The Realignment Act also added subdivision (h) to section 4019, providing: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to [specified facilities] for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

"The first prerequisite to a meritorious claim under the equal protection clause is a showing the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. . . . If the first prerequisite is satisfied, we proceed to judicial scrutiny of the classification[s at issue]. Where, as here, the statutory distinction at issue neither touches upon fundamental interests nor is based on gender, there is no equal protection violation if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.] Under the rational relationship test, a statutory

2

classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. [Citation]." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 53.)

In *Rajanayagam*, the Court of Appeal concluded that prisoners who committed their offenses prior to October 1, 2011, but were in presentence custody after that date, were, for the purpose of Penal Code section 4019, equally situated with prisoners who committed their offenses on or after October 1, 2011, and served time in presentence custody. (*Rajanayagam, supra,* 211 Cal.App.4th at pp. 53-55.)

The court in *Rajanayagam* then addressed whether there was a rational basis for treating the two groups differently. "[I]n choosing October 1, 2011, as the effective date [of the Realignment Act], the Legislature took a measured approach and balanced the goal of cost savings against public safety. The effective date was a legislative determination that its stated goal of reducing corrections costs was best served by granting enhanced conduct credits to those defendants who committed their offenses on or after October 1, 2011. To be sure, awarding enhanced conduct credits to everyone in local confinement would have certainly resulted in greater cost savings than awarding enhanced conduct credits to only those defendants who commit an offense on or after the amendment's effective date. But that is not the approach the Legislature chose in balancing public safety against cost savings. [Citation.] Under the very deferential rational relationship test, we will not second-guess the Legislature and conclude its stated purpose is better served by increasing the group of defendants who are entitled to enhanced conduct credits when the Legislature has determined the fiscal crisis is best ameliorated by awarding enhanced conduct credit to only those defendants who committed their offenses on or after October 1, 2011." (*Rajanayagam, supra,* 211 Cal.App.4th at pp. 55-56.)

Defendant disagrees with the reasoning in *Rajanayagam*, arguing that "[c]ost savings is not the issue here. Unequal treatment of similarly situated prisoners is the issue." But defendant misses the point. " ' "The 'standard formulation of the test for minimum rationality' [citation] is whether the classification is 'rationally related to a legitimate governmental purpose.' " ' " (*People v. Shields* (2011) 199 Cal.App.4th 323, 333.) Cost savings in enacting legislation is clearly "a legitimate governmental purpose." (See *Fein v. Permanente Medical Group* (1985) 38 Cal.3d 137, 160 [the Legislature's conclusion "that it was in the public interest to attempt to obtain some cost savings . . . [is] rationally related to a legitimate state interest"]; *American Bank & Trust Co. v. Community Hospital* (1984) 36 Cal.3d 359, 372-373 [no violation of equal protection principles where the Legislature's enactment of statute was "rationally related" to the Legislature's legitimate intent to reduce costs of medical malpractice insurance]; *Sakotas v. Workers' Comp. Appeals Bd.* (2000) 80 Cal.App.4th 262, 273 [reducing the costs of workers' compensation coverage by eliminating the number of successful fraudulent claims is a legitimate purpose].) Because cost savings constitutes a rational basis for treating the two groups of prisoners differently, defendant's equal protection challenge lacks merit.

The courts in *People v. Kennedy* (2012) 209 Cal.App.4th 385 and *People v. Verba* (2012) 210 Cal.App.4th 991 also rejected the position espoused by defendant, but on different grounds than the court in *Rajanayagam*. Defendant disagrees with the holdings in *Kennedy* and *Verba*. Because we decide this case based on the *Rajanayagam* rationale, we need not address defendant's arguments regarding *Kennedy* and *Verba*.

Defendant also relies on the holdings in *In re Kapperman* (1974) 11 Cal.3d 542 and *People v. Sage* (1980) 26 Cal.3d 498.  But those cases are inapposite because they do not address whether cost savings provides a rational basis in this context.

DISPOSITION

The judgment is affirmed.


                                                                                MAURO                      , J.


We concur:


              HULL                      , Acting P. J.


              MURRAY              , J.