Filed 4/1/15  P. v. Pelaiz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C075880 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR85165) |
| v. | |
| NICOLE MARIE PELAIZ, | |
| Defendant and Appellant. | |

Defendant Nicole Marie Pelaiz pleaded guilty to vandalism resulting in damage exceeding $400 (Pen. Code, § 594, subd. (a))[1] in exchange for a stipulated prison sentence of three years, suspended, and three years of formal probation.[2]  The trial court implemented the terms of the plea agreement and also ordered defendant to pay a restitution fine of $400 (§ 1202.4, subd. (b)) and a probation revocation restitution fine of $400 (§1202.44), stayed pending successful completion of probation.

_____

[1]  Undesignated statutory references are to the Penal Code.

[2]  We dispense with a recitation of the facts underlying defendant's crime as they are unnecessary to resolve this appeal.

1

Following her first violation of probation, the trial court revoked and reinstated defendant's probation. In reinstating probation, the trial court imposed an additional $400 probation revocation restitution fine, again stayed pending successful completion of probation.

Following her second violation of probation, the trial court revoked defendant's probation and imposed defendant's suspended sentence. The trial court awarded defendant 183 days of presentence custody credit (92 actual days and 91 days of conduct credit).[3] The trial court also ordered defendant to pay the previously stayed $800 in probation revocation restitution fines, and ordered and stayed a $400 parole revocation restitution fine. (§ 1202.45.)

Defendant now appeals, contending the trial court imposed an unauthorized sentence when it (1) ordered her to pay an additional $400 probation revocation restitution fine and (2) awarded insufficient presentence conduct credits. The People agree and so do we. Therefore, we modify the judgment to strike the additional probation revocation restitution fine and to award defendant an additional one day of presentence conduct credit.

## DISCUSSION

## I

### Probation Revocation Fine

Defendant contends, and the People agree, the trial court ordered defendant to pay an additional and unauthorized probation revocation fine when it executed her suspended

---

[3] The probation department calculated the conduct credits earned during each of defendant's discrete periods of presentence confinement rather than aggregating defendant's total presentence confinement: for the five actual days of confinement from October 16, 2012, to October 20, 2012, defendant earned four conduct credits; for the 43 actual days of confinement from October 29, 2012, to December 10, 2012, defendant earned 42 conduct credits; and for the 44 actual days of confinement from September 26, 2013, to November 8, 2013, defendant earned 44 conduct credits.

sentence. We conclude the court erred in imposing a second probation revocation restitution fine following defendant's first violation of probation. Therefore, the judgment requiring defendant to pay both $400 probation revocation restitution fines must be modified to strike the latter fine, thereby reducing the overall fine owed from $800 to $400.

Section 1202.44 provides that "[i]n every case in which a person is convicted of a crime and . . . a sentence that includes a period of probation is imposed, the court shall, *at the time of imposing the restitution fine* . . . , assess an additional probation revocation restitution fine in the same amount. . . . This additional probation revocation restitution fine shall become effective upon the revocation of probation . . . ." (Italics added.) Here, the trial court did just that when it initially placed defendant on probation: it ordered defendant to pay a restitution fine of $400 and a probation revocation restitution fine in the same amount. The trial court did not, and could not, impose a second restitution fine on defendant when it revoked and reinstated her probation. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 822-823; accord, *People v. Perez* (2011) 195 Cal.App.4th 801, 805.) And since the trial court could not impose a new restitution fine, nor did it have statutory authority to impose a second $400 probation revocation restitution fine, we strike the second $400 probation revocation restitution fine.

## II

### Presentence Custody Credit

Defendant contends, and the People agree, the trial court miscalculated her presentence conduct credit by one day, resulting in an unauthorized sentence. We conclude defendant is entitled to one additional day of presentence conduct credit.

For purposes of calculating presentence conduct credit, time is cumulative. (*People v. Culp* (2002) 100 Cal.App.4th 1278, 1284.) Therefore, a defendant's noncontinuous periods of presentence custody must be aggregated to calculate the conduct credit earned. (*Id.* at p. 1283.) Section 4019 provides that a person confined

3

prior to sentencing may earn two days of conduct credit for every two days served. (*People v. Chilelli* (2014) 225 Cal.App.4th 581, 588.)  Here, since defendant was confined for 92 actual days prior to sentencing, she earned 92 days of conduct credit.

## DISPOSITION

The judgment is modified to award defendant an additional day of presentence conduct credit and to strike the second probation revocation restitution fine, reducing the total probation revocation restitution fine from $800 to $400.  We direct the clerk of the trial court to prepare an amended abstract of judgment reflecting that defendant is entitled to a total of 184 days of presentence custody credit (92 days of actual credit and 92 days of conduct credit) and is to pay a single probation revocation fine of $400.  We further direct the clerk of the trial court to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, we affirm the judgment.


                                                          RAYE                , P. J.



We concur:



            BLEASE            , J.



            MURRAY           , J.



4