Filed 3/20/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B339775 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA083821) |
| v. | |
| BILLY ARTHUR TAFT, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Emily J. Cole and Michelle deCasas, Judges. Affirmed as modified.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After the trial court terminated Billy Taft's felony probation and imposed a previously suspended four-year state prison sentence, Taft appealed from the judgment, raising one issue: whether he is entitled to two additional days of presentence custody credit. While this appeal was pending, Taft notified the trial court that the custody credit had been miscalculated. Although the court agreed two more days of credit were owed to Taft, it determined it lacked jurisdiction to correct the credit award. However, Penal Code section 1237.1[1] conferred jurisdiction on the trial court to correct the error. We modify the judgment to correct the award of credit and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Taft's Offenses*

At around midnight on August 22, 2022, Taft arrived at the home of Sindy I.,[2] with whom he had a sexual relationship for many years.[3] Taft was intoxicated and immediately became verbally aggressive and threatened Sindy. After Sindy asked Taft to leave, Taft headbutted and punched her in the face, causing bruising and a laceration that required stitches.

Sindy contacted the Los Angeles County Sheriff's Department, and deputies went to Taft's mother's house and

---

[1] Statutory references are to the Penal Code unless otherwise designated.

[2] We refer to the victim by her first name and last initial to protect her privacy interests. (See Cal. Rules of Court, rule 8.90(b)(4).)

[3] The facts are derived from the preliminary hearing transcript.

2

observed Taft driving a car into the driveway. Taft refused to exit the car despite the deputies' commands, and he struck the forehead of a deputy who attempted to remove him from the car and injured another deputy during the ensuing struggle. Both deputies observed that Taft appeared intoxicated and smelled like alcohol. The deputies had to forcibly extract Taft from his car and were unable to administer a field sobriety test.

B.    *Taft Receives a Suspended Prison Sentence and Is Placed on Probation*

Taft was charged by information with two counts of resisting an executive officer (Pen. Code, § 69), corporal injury on a cohabitant or girlfriend (*id.*, § 273.5, subd. (a)), driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), and criminal threats (Pen. Code, § 422, subd. (a)). The information also alleged four prior strike convictions (Pen. Code, §§ 667, subds. (b)-(j), 1170.12). In addition, the information alleged multiple factors in aggravation (Cal. Rules of Court, rule 4.421(a)(1) & (b)(1)-(3)).

Taft pleaded no contest to a misdemeanor count of resisting an executive officer (§ 69) and a felony count of injuring a cohabitant or girlfriend (§ 273.5, subd. (a)). He also admitted the aggravating factor that his prior convictions were of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)).

On January 3, 2023, pursuant to the plea agreement, the court sentenced Taft to 269 days in county jail (with credit for time served) on the misdemeanor count of resisting an executive officer. For the section 273.5 charge, the trial court imposed a four-year prison sentence (the upper term, based on Taft's admission of the aggravating factor) but suspended its execution

and placed Taft on four years of probation.  The court awarded Taft a total of 269 days of presentence custody credit, consisting of 135 days of confinement credit and 134 days of conduct credit. Among the terms of probation imposed by the court were the requirement to "obey all laws" and to "abstain from the [use of] alcoholic beverages."

C.    *Taft Violates the Terms of His Probation, and the Trial Court Imposes the Previously Suspended Prison Sentence*

On January 17, 2024, the court summarily revoked Taft's probation following his arrest on a new charge of driving under the influence.  Although Taft was initially released on his own recognizance on the condition he submit to electronic alcohol monitoring, he was remanded to custody on March 7, 2024, after numerous reports of noncompliance with that condition.

On May 8, 2024, following a formal probation violation hearing, the trial court (Judge Emily Cole) found Taft in violation of the terms of probation that he obey all laws and abstain from alcohol.  The court terminated probation and imposed the four-year prison sentence that had previously been suspended.  The court awarded Taft 398 total days of presentence custody credit, calculated by adding to the 269 days of previously awarded credit an additional 65 days of confinement credit and 64 days of conduct credit.

D.    *Taft Appeals and Notifies the Trial Court of an Error in Calculating His Custody Credit*

On May 29, 2024, Taft timely filed a notice of appeal. (§ 1237, subd. (b).)  In a letter filed on September 9, 2025, Taft's appellate counsel notified the trial court that in reviewing the

4

record for purposes of Taft's appeal, counsel determined that the court had miscalculated Taft's presentence credit.

Counsel noted that when the court originally imposed but suspended the execution of the prison sentence, it awarded Taft 269 days of presentence custody credit, namely 135 days of confinement credit and 134 days of conduct credit. When the court terminated probation and imposed the previously suspended sentence, the court acknowledged the prior award of 269 days and added to it the 65 days of confinement credit plus 64 days of conduct credit that Taft had earned when he was in custody after his arrest in January 2024 and then after he was remanded in March 2024 pending the probation violation hearing. Counsel submitted that the court should have instead "add[ed] up the total amount of confinement time, i.e.[,] 135 days of presentence confinement earned prior to the grant of probation plus 65 days of presentence confinement earned thereafter for a total confinement period of 200 days. Mr. Taft was then entitled to matching conduct credit, which in this case was also 200. Thus, instead of 398 days of presentence custody credit, Mr. Taft was entitled to . . . a total award of 400 days." Counsel requested that the court amend the minute order and the abstract of judgment to reflect the proper number of days of credit.

Supervising Judge Michelle deCasas issued a "Response to Defendant Correspondence re Erroneous Credit Award" on September 30, 2025. The court stated, "The Court concedes that Judge Cole's calculations of the total credit were erroneous. Nonetheless, the court lacks fundamental jurisdiction to correct judicial errors, including those governed by mathematical rules (such as calculating credits). *People v. Singleton* (2025) 113 Cal.App.5th 783, 792."

## DISCUSSION

Taft contends, and the Attorney General concedes, that when the trial court terminated Taft's probation and imposed the prison sentence, the court miscalculated his presentence custody credit. When Taft's counsel notified the trial court about the error while the case was pending appeal, the trial court failed to correct the error as permitted under section 1237.1, mistakenly concluding it lacked jurisdiction to do so. As the Attorney General concedes, because Taft exhausted his remedies in the trial court under section 1237.1 by requesting that the court correct the error in calculating the custody credit, Taft's appeal is well-taken, and we now modify the judgment to correct the error.

A.      *Taft's Presentence Custody Credit Was Miscalculated*

When Judge Cole calculated the award of presentence custody credit at the time she imposed Taft's prison sentence, she added to the prior custody credit award of 269 days the additional 65 days of confinement credit plus conduct credit in the amount of 64 days. This yielded a total of 398 days. This mode of calculating the credit was incorrect.

Subject to exceptions that are not applicable here, presentence custody credit is calculated according to section 4019. (§ 2900.5; *People v. Jones* (2023) 88 Cal.App.5th 819, 822.) In addition to receiving credit for the actual days spent in confinement prior to being sentenced, defendants earn "conduct credit at a rate of two days for every two days in presentence custody under section 4019." (*People v. Chilelli* (2014) 225 Cal.App.4th 581, 591; see § 4019, subd. (f) ["if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody"];

6

*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358.)  "A defendant who serves an odd number of days is not entitled to an additional single day of conduct credit for his or her final day of actual custody."  (*Whitaker*, at p. 1358; see *id.* at p. 1362 [holding "trial court properly applied the two-for-two formula in calculating that Whitaker was entitled to 326 days of conduct credit for his 327 days served"].)

"[A] defendant is entitled to have time spent in noncontinuous custody aggregated for the purpose of calculating [conduct] credits pursuant to section 4019."  (*People v. Culp* (2002) 100 Cal.App.4th 1278, 1283.)  Thus, the trial court should have added up the total amount of Taft's confinement time, 135 days earned prior to the grant of probation plus 65 days earned thereafter, for a total confinement period of 200 days.  Taft was then entitled to matching conduct credit of 200 days.  As both parties agree, instead of 398 days of presentence custody credit, Taft was entitled to 400 total days of credit.

B.      *The Trial Court Retained Jurisdiction After the Notice of Appeal Was Filed To Correct the Calculation of the Credit*

After reviewing the letter from Taft's appellate counsel, the trial court (Judge deCasas) concluded Taft was correct that his credit had been miscalculated by Judge Cole but that the trial court lacked jurisdiction to correct the error.  However, section 1237.1 conferred such jurisdiction on the trial court.

Section 1237.1 provides that "[t]he trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction" in a motion or informally in writing.  (§ 1237.1; see *Jones*, *supra*, 88 Cal.App.5th at p. 821.)

7

Contrary to the trial court's conclusion, in *People v. Singleton* (2025) 113 Cal.App.5th 783 (*Singleton*), we did not hold that trial courts lack jurisdiction to correct errors in calculating custody credit in the present circumstances.

In *Singleton*, we addressed the following question: "When a superior court receives a letter from a case records manager in the California Department of Corrections and Rehabilitation (CDCR) informing the court that the abstract of judgment for a defendant 'may be in error,' does the court have jurisdiction to correct the sentence where the judgment is long since final?" (*Singleton*, *supra*, 113 Cal.App.5th at p. 787.) We answered in the negative, holding that "the courts in these circumstances lack fundamental jurisdiction to vacate or modify the sentence," and that the court can modify the sentence only if the court has jurisdiction under section 1172.1[4] or another authorizing statute, or if a writ of habeas corpus has been filed. (*Singleton*, at p. 787.)

---

[4] For defendants convicted of a felony offense and ordered to serve their sentence in state prison or in county jail, section 1172.1, subdivision (a)(1), confers jurisdiction on the trial court to recall and resentence defendants (1) within 120 days of the date of commitment; (2) at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law; or (3) at any time upon the recommendation of the Secretary of the CDCR or the Board of Parole Hearings, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case. (§ 1172.1, subd. (a)(1).) The jurisdictional problem in *Singleton* was that the CDCR Secretary did not recommend resentencing; rather, a CDCR correctional case

8

The trial court cited language in *Singleton* noting that improperly calculating credit constitutes judicial error, as opposed to clerical error.  (*Singleton*, *supra*, 113 Cal.App.5th at p. 792.)  In *Singleton* we noted the longstanding rule that while a court has inherent power to correct clerical errors, it "does not have inherent jurisdiction to correct judicial errors."  (*Ibid.*)  We rejected the notion that any time a sentence is unauthorized, the court has inherent jurisdiction to correct it, and we agreed with the holding of *People v. King* (2022) 77 Cal.App.5th 629, at pages 641-642, that " 'the unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence . . . after the execution of the sentence has begun.' "  (*Singleton*, at p. 793.)  Rather, a court only has jurisdiction to modify a sentence where such jurisdiction has been conferred, whether by "section 1172.1 *or another authorizing statute*, or by the filing of a petition for a writ of habeas corpus."  (*Singleton*, at p. 787, italics added; see *People v. Loper* (2015) 60 Cal.4th 1155, 1159 ["[t]he right to appeal is statutory only"].)

Section 1237.1 is such an authorizing statute.  It gives trial courts the authority to correct miscalculations of custody credit when the mistake is brought to the court's attention "after a

---

records manager merely requested in a letter that the court determine whether a correction to the sentence was required.  (*Singleton*, *supra*, 113 Cal.App.5th at p. 791.)  Thus, the trial court did not have jurisdiction under section 1172.1 to modify the sentence; nor did any other statute authorize the court to modify the long-final sentence at that juncture.

notice of appeal has been filed."[5] (§ 1237.1.) Thus, the trial court had jurisdiction to correct the miscalculated presentence custody credit. (See *People v. Millsap* (2025) 114 Cal.App.5th 368, 376 [section 1237.1 "vest[s] jurisdiction in trial courts to correct custody credits . . . pending appeal"]; *People v. Boyd* (2024) 103 Cal.App.5th 56, 70 [custody credit "miscalculation claims may either be presented to the trial court at sentencing or, during a direct appeal, to the trial court or reviewing court, depending on the circumstances"].)[6]

---

[5] Section 1237.1 is one of the exceptions to the general rule that " 'an appeal from an order [or judgment] in a criminal case removes the subject matter of that order [or judgment] from the jurisdiction of the trial court.' " (*People v. Jenkins* (2019) 40 Cal.App.5th 30, 37.) Another such exception is for the correction of "any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs." (§ 1237.2; see *Jenkins*, at p. 37.) The trial court "retains jurisdiction after a notice of appeal has been filed" to correct errors in imposing or calculating fines and fees, and, as with errors in the calculation of presentence credits, where such errors are the sole issue on appeal, the defendant must have requested the trial court correct the errors or the appeal must be dismissed. (§ 1237.2; see *People v. Torres* (2020) 44 Cal.App.5th 1081, 1085.)

[6] In *People v. Boyd*, *supra*, 103 Cal.App.5th at page 70, the court appeared to conclude that under section 1237.1, a trial court does not retain jurisdiction to correct an error in the calculation of presentence custody credit after the remittitur has issued following an appeal, but rather only has authority to correct calculations errors before and during the pendency of the appeal. Because of the posture of our case, we need not address whether section 1237.1 bestows a trial court with jurisdiction to correct such errors after an appeal has concluded. However, we

10

C. *We Have Appellate Jurisdiction To Modify the Judgment To Correct the Amount of Credit Awarded to Taft*

In addition to conferring jurisdiction on trial courts to correct the calculation of credit after sentencing, section 1237.1 provides that a defendant may appeal the judgment of conviction on the ground of such a calculation error if the defendant raised the error at the time of sentencing, or if he or she moved for correction of the error (in writing) after sentencing.  (§ 1237.1 ["No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing."].)  Taft's appellate counsel requested in his letter of September 9, 2025 that the trial court correct the record to reflect the proper amount of custody credit, and the court denied his request.  Thus, we have jurisdiction under section 1237.1 to hear Taft's appeal on the

---

note that the language of section 1237.1 is ambiguous in this respect, as it states that "[t]he trial court retains jurisdiction *after* a notice of appeal has been filed" to correct such errors.  (Italics added.)  In the analogous context of a request to correct errors in the imposition or calculation of fines or fees under section 1237.2 (see fn. 5, *ante*), another division of this court interpreted the identical language in that provision and concluded that the jurisdiction bestowed on the trial court by section 1237.2 "does not extend beyond the pendency of a defendant's direct appeal."  (*People v. Torres*, *supra*, 44 Cal.App.5th at p. 1088.)

11

issue of the calculation of credit.  In light of the conceded error in calculating the credit, we order the judgment of conviction to be modified to reflect Taft is entitled to 400 days of presentence custody credit (200 confinement and 200 conduct).

## DISPOSITION

The judgment is modified to reflect Taft is entitled to 400 days of presentence custody credit (200 confinement and 200 conduct).  On issuance of the remittitur, the superior court is directed to prepare and transmit a modified abstract of judgment to the parties and the CDCR.

STONE, J.

We concur:


SEGAL, Acting P. J.


GIZA, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.